IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ALEXIS ZALDIVAR, | |
| Plaintiff, | CIVIL ACTION NO.: 5:19-cv-112 |
| v. | |
| D. RAY JAMES CORRECTIONAL FACILITY; DOUGLAS KLOMBACHER; and JOHN DOE, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), and Georgia law. Doc. 1 at 4. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal. Further, I **DENY as premature** Plaintiff's Motion for Default Judgment. Doc. 8.

**PLAINTIFF'S CLAIMS**[1]

Plaintiff, who is housed at the Reeves County Detention Center-III in Pecos, Texas, brings this action contesting certain conditions of his confinement while he was housed at D. Ray

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

James Correctional Facility ("DRJ") in Folkston, Georgia.  Doc. 1.  Plaintiff alleges, while housed at DRJ, the leader of a large "Mexican" gang threatened to kill him.  Id. at 4.  After being threatened, Plaintiff states he and two other inmates requested a transfer, which was denied.  Id.  Plaintiff states, at some point later, the prison went into lockdown, but several members of this "Mexican" gang were omitted from the lockdown.  Id.  Plaintiff alleges these gang members "started to use item[s] of metal [to] drop down the doors."  Id.  Plaintiff says he and two other inmates "were left without protection in the hands of the group of Mexicans," where Plaintiff "suffered emotional distress and mental anguish."  Id.  Plaintiff names D. Ray James Correctional Facility, Douglas Klombacher, and John Doe as Defendants.  Id. at 1.  Plaintiff only seeks compensatory and punitive damages.  Id. at 4.  On April 20, 2020, Plaintiff filed a Motion for Entry of Default.  Doc. 8.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Plaintiff's Claims**

Because Plaintiff attempts to assert claims against federal officials while housed at a federal facility, the Court liberally construes Plaintiff's claims to arise under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 389 (1971), rather than § 1983. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (reasoning § 1983 law generally applies to Bivens claims).

Plaintiff does not allege he suffered any physical injury. Instead, Plaintiff merely alleges he suffered "emotional [distress] and mental [anguish]." Doc. 1 at 4. In terms of relief, Plaintiff seeks $100,000 in compensatory damages and $100,000 in punitive damages; Plaintiff does not seek nominal damages or any other form of relief. Id.

The Prison Litigation Reform Act ("PLRA") provides:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

42 U.S.C. § 1997e(e).  Prisoners who have not suffered a more than *de minimis* physical injury cannot recover either compensatory or punitive damages.  Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011).  Although the PLRA has been construed to preclude the recovery of compensatory or punitive damages absent a showing of a physical injury, this provision of the PLRA does not categorically bar the recovery of nominal damages.  Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).  While other monetary relief may be precluded, a plaintiff may still recover nominal damages if he can establish he has suffered a constitutional injury.  Brooks v. Powell, 800 F.3d 1295, 1309 (11th Cir. 2015).

In this case, Plaintiff has not alleged any physical injury.  Plaintiff states the leader of a prison gang—notably, not any named Defendant—threatened him, and he suffered mental distress.  Doc. 1 at 4.  Plaintiff also says he and two other inmates "were left without protection in the hands of the group of Mexicans," where Plaintiff "suffered emotional distress and mental anguish."  Doc. 1 at 4.  Without more, threats do not rise to the level of a constitutional violation.  Cf. Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (finding a prison guard's act of putting a gun to a prisoner's head and threatening to kill him may violate the Eight Amendment).  Plaintiff's own allegations demonstrate he suffered only a mental or emotional injury and no physical one.  Accordingly, Plaintiff's claims seeking recovery of compensatory or punitive damages based on emotional distress are barred.  Even liberally construing Plaintiff's Complaint, Plaintiff does not seek recovery of nominal damages, as he expressly only seeks compensatory and punitive damages.  Doc. 1 at 4; see Logan v. Hall, 604 F. App'x 838, 841 (11th Cir. 2015) ("Thus, the district court erred in dismissing the complaint without considering whether, under the principle of liberal construction for *pro se* pleadings, Logan's complaint could be construed as requesting nominal damages.").

4

By its plain language, the § 1997e(e) physical injury requirement should apply to both Bivens claims and FTCA claims because they are "Federal civil action[s]" that arise under federal law. Although the Eleventh Circuit Court of Appeals has not explicitly stated as much, the physical injury requirement likely also bars state law claims relating to prison conditions initially brought in federal court. O'Connor v. Carnahan, No. 3:09CV224, 2014 WL 293457, at *10 (N.D. Fla. Jan. 27, 2014) (collecting cases); Weeks v. Grady, No. 118CV01373, 2020 WL 6336186, at *5 (N.D. Ga. Oct. 29, 2020) (discussing same). Therefore, the PLRA likewise bars Plaintiff's state law claim for intentional infliction of emotional distress.

Further, in his Complaint, Plaintiff expressly states he has not exhausted all steps of the institutional grievance procedure. Doc. 1 at 3. Exhaustion of administrative remedies is a precondition to filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002). Plaintiff's claims are due to be dismissed for this additional reason. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims.

## II.     Motion for Default Judgment

Plaintiff has also filed a Motion for Default Judgment. Doc. 8. The Court is only now conducting the requisite frivolity review, and no Defendant has yet been served. The Court lacks personal jurisdiction over the Defendants until service is effectuated and, thus, lacks the authority to issue a binding judgment against them. See Hall v. Deutsche Bank Nat'l Tr. Co., No. 1:11-cv-02524, 2012 WL 13009212, at *2 (N.D. Ga. Feb. 17, 2012) ("Without proper service of process, a district court lacks personal jurisdiction over a defendant."). A default judgment is not warranted because Defendants have not been served, and it is impossible that Defendants "failed to plead or otherwise defend" themselves. Fed. R. Civ. P. 12(a)(1); Fed. R.

Civ. P. 55(a).  Accordingly, the Court **DENIES as premature** Plaintiff's Motion for Default Judgment.  Doc. 8.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Further, I **DENY as premature** Plaintiff's Motion for Default Judgment.  Doc. 8.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of December, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA